UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERGIO Q.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 2:25-cv-01155-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ misevaluated Dr. Diana Guza-Wells' opinion and his testimony, and accordingly erroneously found Plaintiff could perform work in the national economy at step-five. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**A.    Dr. Guza-Wells**

The ALJ considers the persuasiveness of medical opinions using five factors with supportability and consistency being the most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). Supportability is the extent to which a medical source supports their opinion. Consistency is the extent to which the opinion is consistent with the evidence from the other medical and nonmedical sources in the claim. Conclusions alone are insufficient – "an ALJ

ORDER REVERSING AND REMANDING - 1

can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)).

The ALJ rejected Dr. Guza-Wells' opinion Plaintiff is limited to standing and walking for 20 minutes at a time, sitting an hour at a time, and has significant postural limitations, first finding these opinions are not supported by the doctor's exam findings showing Plaintiff has balance problems but was not in "distress," walks with a normal gait and has full range of motion and strength. Tr. 27. Plaintiff correctly argues the ALJ erred. The ALJ failed to account for Dr. Guza-Wells' findings that Plaintiff is morbidly obese (weighs 440-65 pounds), has low back pain, knee pain, varicosity (indicating varicose veins), high blood pressure, non-pitting edema, right-hip flexion pain, difficulty with tandem walking and heel walking, knee tenderness, and discomfort on range of motion tests. These findings could reasonably support Dr. Guza-Well's opinions; the ALJ thus harmfully erred in failing to assess them in evaluating the doctor's opinions. Additionally, Plaintiff exhibited normal gait and strength over the course of a few minutes of testing, all within the confines of an office visit. There is no indication, Plaintiff was observed walking or standing for more than 20 minutes during the examination.

The ALJ also found the doctor's assessed limitations are inconsistent with Plaintiff's reported activities, and "with the longitudinal history of the treatment notes repeatedly observing him to be in no distress and to have generally fair performance on physical evaluations." *Id.* The ALJ noted Plaintiff's activities includes "tending to his personal care, doing household chores, driving and grocery shopping." Tr. 24. These details of each of these activities were not

ORDER REVERSING AND REMANDING - 2

developed; thus, there is no reasonable basis to find they involved walking or standing for more than 20 minutes at a time and contradict Dr. Guza-Wells' opinion.

The ALJ also discounted the doctor's opinion as inconsistent with medical records showing Plaintiff was not in "distress" and to have generally fair performance on physical evaluations. As noted above, exams performed in a medical office in a few minutes do not show whether Plaintiff can walk or stand for more than 20 minutes at a time. Indeed, there are no treatment records indicating Plaintiff can walk or stand for more than 20 minutes. Additionally, as Plaintiff points out, the medical record also indicates Plaintiff at times had abnormal gait, limited range of motion and limited strength. The ALJ is required to consider all relevant evidence but did not discuss these findings in rejecting Dr. Guza-Wells' opinion., and thus erred.

**B.      Plaintiff's Testimony**

The ALJ did not find malingering and was thus required to articulate "clear and convincing reasons" to reject Plaintiff's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify *which* testimony the ALJ found not credible and explain *which* evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter,* 806 F.3d at 494.

The ALJ discounted Plaintiff's testimony regarding his "physical complaints" on the grounds he can care for his grandmother and children; some of his physical limitations are due in large part to obesity, he has shown improvement with physical therapy, and he is in no distress.

ORDER REVERSING AND REMANDING - 3

Tr. 26. Plaintiff argues the ALJ failed to provide clear and convincing reasons to reject his testimony about his knee and back pain with sitting, standing, and walking and how he gets winded walking two blocks and must rest and slow down.

The Commissioner argues lack of distress, normal muscle strength and gait and normal straight leg raise test results support the ALJ's determination. These findings do not contradict Plaintiff's claim that he cannot, as the ALJ found, stand and walk for three hours at a time and sit for five hours at a time. As discussed above there is nothing showing the office medical exams tested Plaintiff for prolonged standing, walking or sitting and thus do not contradict his testimony.

The Commissioner also argues Plaintiff's activities contradict his testimony, but the activities noted do not contradict the limitations assessed by Dr. Guza-Wells which Plaintiff defends and thus adopts.

In short, the Court finds the ALJ erred in discounting Dr. Guza-Wells' opinion Plaintiff is limited to standing and walking for 20 minutes at a time, sitting an hour at a time, and has significant postural limitations, and erred in rejecting Plaintiff's testimony about these limitations. These errors are harmful as they resulted in a residual functional capacity determination and step-five findings that did not account for all limitations.

Accordingly, the Court **ORDERS**: the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Dr. Guza-Wells' opinions, and Plaintiff's testimony regarding his physical limits as to standing, walking, sitting and any postural limits; expand the

ORDER REVERSING AND REMANDING - 4

record and redetermine residual functional capacity as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 12th day of February, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 5